# IN THE SUPREME COURT OF THE STATE OF NEVADA

PARADISE HARBOR PLACE TRUST,
Appellant,
vs.
SELENE FINANCE, LP,
Respondent.

No. 64183

FILED

NOV 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING, REVERSING, AND REMANDING

This is an appeal from a district court order, certified as final under NRCP 54(b), dissolving a preliminary injunction and granting a motion for summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

The district court dissolved a previously entered preliminary injunction and granted Selene Finance's motion for summary judgment, concluding that NRS 116.3116(2)'s superpriority provision "only creates a priority to payment from foreclosure proceeds," and alternatively, that the statute "requires an action and is not applicable when the home owner's association forecloses under [the] non-judicial foreclosure statutes pursuant to NRS 116.3116 *et seq.*" This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decisions thus were based on an erroneous interpretation of

14-37554

the controlling law and did not reach the other issues colorably asserted.[1] Accordingly, we

VACATE the portion of the order dissolving the preliminary injunction, REVERSE the portion of the order granting summary judgment, AND REMAND this matter to the district court for further proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

---

[1]In particular, Selene Finance argues on appeal that it was not notified of Heritage Estates' foreclosure sale. Because the district court did not make any determinations regarding this issue when it granted summary judgment, we have not considered this issue in rendering this disposition.

[2]The injunction imposed by our November 18, 2013, order is vacated.

cc: Hon. Stefany Miley, District Judge
    Hon. Elissa F. Cadish, District Judge
    Law Offices of Michael F. Bohn, Ltd.
    Wright, Finlay & Zak, LLP/Las Vegas
    Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A